IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-10-00053 |
| v. | : | (Judge Rambo) |
| **B.A. BLEDSOE,** *et al.*, | : | |
| Defendants | : | |

# **M E M O R A N D U M**

On January 11, 2010, Plaintiff Kareem Hassan Milhouse ("Milhouse") filed a *Bivens*[1]-styled complaint against four prison officials from the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") (collectively, "Defendants").[2] (Doc. 1.) Milhouse alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they issued him shoes in the Special Management Unit ("SMU") that are not appropriate for winter weather recreation. Before the court is Defendants' motion to dismiss the complaint or, in the alternative, for summary judgment. (Doc. 14.) For the

---

[1] *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relief upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

[2] Named as Defendants are B.A. Bledsoe, Warden; Krista Rear, Associate Warden; Brad Tate, Captain; and C. Maoirana, Associate Warden of FCC-Allenwood.

reasons set forth below, the motion to dismiss will be granted.

I. **Background**

As set forth above, Defendants have filed a motion to dismiss the complaint, or, in the alternative, for summary judgment. (Doc. 14.) In the motion, Defendants argue, *inter alia*, that Milhouse's complaint should be dismissed because he has failed to state a claim upon which relief can be granted. In order to consider whether the complaint can be dismissed for failing to state a claim, the court must accept as true all allegations of the complaint and all reasonable inferences that can be drawn from them. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Because the court agrees that, even viewing the facts in a light most favorable to Milhouse, he has failed to plead facts sufficient to state an Eighth Amendment claim, the court need only address Defendants' motion as one for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6).[3]

---

[3] In support of the instant motion, Defendants have filed a brief, (Doc. 15), and a statement of material facts, (Doc. 16). The statement of material facts is filed in accordance with the Middle District's Local Rule 56.1, relating to summary judgment, which states that, "[a] motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. Under this rule, Milhouse was required to file a counter statement of material facts opposing the motion for summary judgment. *See id*. Milhouse did not file a counter statement of

Proceeding under this framework, Milhouse provides the following factual background with respect to his claim. During the time period relevant to his complaint, Milhouse was an inmate in USP-Lewisburg's SMU. (Doc. 1 at 2.) As an inmate in the SMU, Milhouse is issued "bus shoes" instead being permitted to wear his own shoes. (*Id*.) These "bus shoes" are "similar and light as slippers." (*Id*.) When Milhouse wears the shoes for his daily one hour of outside recreation, they become soaked when he steps into water and/or stands on ice. (*Id*.) As a result, his feet become so cold that he cannot feel them for hours after he is returned to his cell. (*Id*.) Milhouse states that he has ceased going outside for daily recreation due to these shoes. (*Id*.)

In the complaint, Milhouse claims that he informed each Defendant of his

---

material facts. Instead, Milhouse filed a "certification" in which he contends the motion for summary judgment should be denied because it was filed so soon after the complaint, and thus he has not had the opportunity to conduct discovery to counter Defendants' facts. (Doc. 18 at 2.) Under Federal Rule of Civil Procedure 56(f),

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f). Because the court is construing Defendants' motion only as solely a motion to dismiss, this "certification" is not relevant to its disposition. Thus, the court will instead view the facts set forth in the complaint in a light most favorable to Milhouse, and not rely on any facts asserted by Defendants in their statement of material facts.

3

concerns over the shoes, but they were unresponsive and thus deliberately indifferent to his safety. (*Id*. at 3.) As relief, he seeks a court order directing Defendants to provide Milhouse with his own tennis shoes immediately. (*Id*. at 4.) He also seeks compensatory damages. (*Id*.)

## II. Standard of Review

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at

555; *accord, e.g., Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). *See also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co.*

*v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). *See Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents

whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir.

7

2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.    Discussion**

While "[t]he Constitution 'does not mandate comfortable prisons,' . . . neither does it permit inhumane ones . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer*, 511 U.S. at 832 (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Under *Farmer*, conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official Defendants. *Id*. at 834. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness. *Farmer*, 511 U.S. at 834-35 (quoting *Rhodes*, 452 U.S. at 347); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). In order to find an Eighth Amendment

violation regarding conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In this case, Milhouse has made no such claim as to any Defendant.

As stated above, Milhouse alleges that Defendants violated the Eighth Amendment by issuing shoes to him in the SMU that are inadequate for winter weather recreation. (Doc. 1 at 2.) Further, he avers that he complained to all Defendants, but that his complaints were ignored. (*Id*. at 3.) Milhouse generally complains that he suffered physical injuries, emotional anguish, and mental distress. (*Id*. at 4.)

Based on these allegations, the court finds that no inference could be drawn by Defendants that a substantial risk of harm existed to Milhouse.[4] Further, no requisite inhumane conditions are alleged. Milhouse does not allege that Defendants failed to provide him with any shoes; rather, his claim is over a disagreement with the adequacy of the shoes issued. Such a disagreement does not rise to the level of a constitutional violation. *See Foreman v. Bureau of*

---

[4] As noted above, Milhouse's only alleged physical injuries were cold and numb feet. (Doc. 1 at 2-3.)

*Prisons*, No. 06-1274, 2007 WL 108457, at * (3d Cir. Jan. 16, 2007) (finding no constitutional violation where prisoner's complaint amounts to a request for a different type of shoe). Moreover, Milhouse was not forced to take his hour of outdoor recreation if he found the conditions to be too severe. In fact, prison officials even have the right to deprive prisoners of exercise on a short-term basis due to weather conditions. *See Gerber v. Sweeney*, 292 F. Supp. 2d 700, 710 (E.D. Pa. 2003) ("Even if the weather was sufficiently cold on certain days to prevent exercise, short-term deprivations of exercise do not rise to constitutional levels.") (citing *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988)). As such, the court finds that "the minimal civilized measure of life's necessities" were provided and that the prison officials did not act with recklessness. *Farmer*, 511 U.S. at 834-35 (quoting *Rhodes*, 452 U.S. at 347); *Wilson*, 501 U.S. at 303. Thus, the motion to dismiss will be granted based on Milhouse's failure to state a claim. Further, the court finds that it would be futile to allow Milhouse to amend his complaint since he fails to state a constitutional claim.

## IV. Conclusion

For the reasons set forth herein, the motion to dismiss will be granted based

on Milhouse's failure to state a constitutional claim.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: October 6, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KAREEM HASSAN MILHOUSE,** :
:
    **Plaintiff** : CIVIL NO. 1:CV-10-00053
:
**v.** : (Judge Rambo)
:
**B.A. BLEDSOE,** *et al.***,** :
:
    **Defendants** :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

    1) The motion to dismiss (Doc. 14) is **GRANTED**.

    2) The Clerk of Court is directed to **CLOSE** this case.

    3) Any appeal from this order is **DEEMED** frivolous and not in good faith.

*See* 28 U.S.C. § 1915(a)(3).

                                  s/Sylvia H. Rambo
                                  United States District Judge

Dated: October 6, 2010.